Case 2:21-cr-00215-GW   Document 1   Filed 05/04/21   Page 1 of 6   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
05/04/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DOMINIQUE ANDREA WATTS,<br>　aka "Domonique Andrea Watts,"<br><br>　　　　Defendant. | CR 2:21-cr-00215-GW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 641: Theft of Government Property in Excess of $1,000; 18 U.S.C. § 500: Transmitting and Presenting Money Orders Stamped Without Lawful Authority; 18 U.S.C. §§ 492 and 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. § 641]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant DOMINIQUE ANDREA WATTS, also known as "Domonique Andrea Watts," knowingly and willfully embezzled, stole, purloined, and converted to her own use money and property of the United States Postal Service, a department and agency of the United States, having a value in excess of $1,000, namely, money orders, in the following amounts, to which defendant

WATTS knew she was not entitled, with the intent of depriving the USPS of the use and benefit of that money and property:

| Count | Date | Money Order Number | Amount |
|---|---|---|---|
| ONE | September 4, 2019 | 25752566057 | $100 |
| TWO | September 17, 2019 | 25752566485 | $400 |
| THREE | September 21, 2019 | 25752566733 | $1,000 |
| FOUR | September 26, 2019 | 25752583157 | $1,000 |
| FIVE | October 3, 2019 | 25752584103 | $1,000 |
| SIX | October 22, 2019 | 25752589907 | $1,000 |
| SEVEN | November 2, 2019 | 25752590526 | $1,000 |

COUNTS EIGHT THROUGH FOURTEEN

[18 U.S.C. § 500]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant DOMINIQUE ANDREA WATTS, also known as "Domonique Andrea Watts," with intent to defraud the United States and United States Postal Service, and any person, transmitted, presented, and caused to be presented the following money orders knowing such money orders to have been stamped without lawful authority with the following serial numbers:

| Count | Date | Money Order Number | Amount |
|---|---|---|---|
| EIGHT | September 4, 2019 | 25752566057 | $100 |
| NINE | September 17, 2019 | 25752566485 | $400 |
| TEN | September 21, 2019 | 25752566733 | $1,000 |
| ELEVEN | September 26, 2019 | 25752583157 | $1,000 |
| TWELVE | October 3, 2019 | 25752584103 | $1,000 |
| THIRTEEN | October 22, 2019 | 25752589907 | $1,000 |
| FOURTEEN | November 2, 2019 | 25752590526 | $1,000 |

## FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 492 and 981(a)(1)(C), and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 492 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Eight through Fourteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense;

(b) All right, title, and interest in any and all counterfeits, articles, devices, and other things made, possessed, or used in any such offense, or any material or apparatus used or fitted or intended to be used in the making of such counterfeits, articles, devices, or things; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief,
General Crimes Section

KYLE W. KAHAN
Special Assistant United States Attorney
General Crimes Section