TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-215-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DOMINIQUE ANDREA WATTS |
| v. | |
| DOMINIQUE ANDREA WATTS, aka "Domonique Andrea Watts," | Hearing Date: November 4, 2021<br>Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Kyle W. Kahan, hereby files its sentencing position for defendant Dominique Andrea Watts.

This sentencing position is based upon the attached memorandum

//

//

//

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 30, 2021            Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


*/s/ Kyle W. Kahan*
KYLE W. KAHAN
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dominique Andrea Watts ("defendant"), while working for the United States Postal Service ("USPS") as a Sales, Services, and Distribution Associate at the LAX-Mar Vista Post Office, voided legitimate money order transactions, issued replacement money orders, and embezzled the replacement money orders for her own personal use. In doing so, defendant embezzled $5,500 from the USPS. Defendant caused an additional $5,500 in losses to the USPS when customers negotiated the voided money orders at financial institutions; this in turn led to the financial institutions to debit USPS bank accounts for the value of the voided money order.

Specifically, between September 4, 2019 and November 2, 2019, in Los Angeles County within the Central District of California, defendant voided seven money order transactions totaling $5,500 and embezzled seven replacement money orders totaling $5,500. In doing so, defendant knowingly embezzled, stole, and converted to her use that property or money with the intention of depriving the owner of the use or benefit of that property or money.

In total, defendant caused $11,000 in losses to the USPS through her embezzlement scheme. Since being caught, defendant has confessed to her crimes, was cooperative with law enforcement, and has appeared remorseful for her actions.

For her conduct, defendant was charged in an indictment with seven counts of Theft of Government Property in Excess of $1,000 in violation of 18 U.S.C. § 641, and seven counts of Transmitting and Presenting Money Orders Stamped Without Lawful Approval in violation of 18 U.S.C. § 500. On August 12, 2021, defendant pled guilty to two

counts of Theft of Government Property in Excess of $1,000 (counts 3 and 4) and agreed to pay $11,000 in restitution to the USPS.

The United States Probation and Pretrial Services Office ("USPO") issued its Presentence Investigation Report ("PSR") on September 23, 2021. (PSR, Dkt. 24.) In the PSR, the USPO properly calculated a total offense level of 8 and a Criminal History Category of I, which results in a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 0 to 6 months with a subsequent period of supervised release of one to three years. (PSR, ¶¶ 36, 86, 88.) On the same date, USPO issued its Recommendation Letter ("PSR Rec.") and recommended be sentenced to a two-year term of probation. (PSR Rec., Dkt. 23, at p. 2.)

Pursuant to the plea agreement, the government recommends defendant be sentenced no higher than the low end of the applicable Sentencing Guidelines range. (Dkt. 17, "Plea Agreement," at ¶ 3e.) Accordingly, the government concurs with the USPO recommendation of a two-year term of probation, a special assessment of $200, and an order of restitution to the USPS of $11,000.

**II.   STATEMENT OF FACTS**

Beginning in July 2017 and continuing until September 2020, defendant was an employee for the United States Postal Service ("USPS"), an agency of the United States. (Plea Agreement, at ¶ 11.) Between September and November 2019, defendant worked as a Sales, Services, and Distribution Associate at the LAX-Mar Vista Post Office station in Los Angeles, California, within the Central District of California. (Id.) As an employee at that location, defendant had access to the Retail Systems Software ("RSS") to facilitate and complete money order transactions with customers. (Id.) After

2

printing a money order, the RSS would prompt the employee to confirm if the money order printed properly. (Id.) If the employee selected no, the money order would be voided within the USPS internal system. (Id.) A voided money order, if cashed or deposited by a customer, would later be expensed against the USPS by the financial institution where it was negotiated. (Id.) Money orders, until transferred to a customer via a legitimate transaction at a USPS station, constitute property belonging to the United States of America. (Id.) Likewise, money inside cash registers at USPS stations belong to the United States of America. (Id.)

During her employment with USPS, and on the dates specified below, defendant used her position to embezzle, steal, and convert to her own use property or money that belonged to the United States. (Id.) To do this, defendant would accept payment from a customer for a money order, place a blank money order in the RSS printer feed, and use the RSS to print out a valid money order. (Id.) After printing, the RSS prompted defendant to confirm if the money order printed properly. (Id.) Defendant would select no, thus voiding the money order within the USPS system. (Id.) Defendant would then print an additional money order and use the RSS to confirm it printed successfully. (Id.) Defendant would then hand the customer the voided money order and keep the newly printed money order. (Id.) The customer would later negotiate the money order at a financial institution. (Id.)

Specifically, on September 21, 2019, defendant printed a money order pursuant to this scheme for a total of $1,000 at a USPS station. Defendant later cashed the money order. (Id.) On September 26, 2019, defendant printed a money order pursuant to the

scheme to the total of $1,000. (Id.) Defendant later cashed the money order at a USPS station. (Id.) In so doing, and on each occasion, defendant knowingly embezzled, stole, and converted to her use that property or money with the intention of depriving the owner of the use or benefit of that property or money. (Id.)

In total, defendant embezzled $5,500 from the USPS and caused an additional $5,500 in losses to the USPS when customers negotiated the voided money orders at financial institutions. (Id.; PSR, at ¶¶ 16, 18.)

### III. PSR GUIDELINES CALCULATIONS

On September 23, 2021, the USPO filed its PSR. The USPO calculated defendant's adjusted offense level as 10, pursuant to the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a) |
| Loss exceeding $6,500 but less than $15,00: | +2 | U.S.S.G. § 2B1.1(b)(1)(B) |
| Abuse of Position of Trust: | +2 | U.S.S.G. § 3B1.3 |

(See PSR, at ¶¶ 26-3.) After a two-point downward adjustment for acceptance of responsibility under USSG § 3E1.1(a), the USPO calculated defendant's total offense level as 8. (PSR, at ¶¶ 35-36.) The government does not object to the USPO's calculation of defendant's total offense level. Nor does the government object to the USPO's calculation of defendant's criminal history score and category, which it determined, respectively, to be 0 and I. (PSR, at ¶¶ 45-46.)

**IV. ANALYSIS OF THE SECTION 3553(a) FACTORS AND THE GOVERNMENT'S SENTENCING POSITION**

For the reasons set forth below, the government concurs with USPO and respectfully recommends the following sentence: (1) a two-year period of probation with terms as recommended by USPO; (2) a $200 special assessment; and (3) an order of restitution to the United States Postal Service in the amount of $11,000.

The government believes such a sentence appropriately balances the history and characteristics of the defendant with the need to reflect the seriousness of the offense, to protect the public, to deter defendant from further criminal acts, and to promote respect for the law.

**A. Nature and Circumstances of the Offense**

The nature and circumstances of defendant's offense support a two-year period of probation. See 18 U.S.C. § 3553(a)(1). Defendant repeatedly used USPS customers as a means to enrich herself. Specifically, between September 4, 2019 and November 2, 2019, defendant voided legitimate money orders in order to fraudulently print, stamp, sign, and negotiate money orders for her own benefit. (PSR, at ¶¶ 13-16.) Fortunately, defendant's scheme only amounted to a total loss of $11,00, did not impact customers, and occurred during a two-month period in 2019.

As part of this scheme, defendant, an employee of the USPS who was trained how to use the RSS – a program used by USPS to print and document money orders – would accept payment from a customer for a money order. (Id., at ¶ 14.) Defendant, after properly printing the money order and utilizing her knowledge of the RSS, would void the customer's money order. (Id.) This, in turn, would cause the money

5

order to be voided within the USPS system while still allowing the customer to negotiate the money order at a financial institution. (Id.) Defendant would then use the RSS to print out a second money order. (Id.) Defendant would provide the voided money order to the customer and keep the second money order for herself. (Id.) The customers would then negotiate the money orders at financial institutions. (Id.) This would cause the financial institutions to expense the value of the money order against the USPS. (Id., at ¶¶ 13-14.) Defendant repeated this scheme seven times between September 4, 2019 and November 2, 2019, unjustly enriching herself of $5,500 in money orders and causing an additional $5,500 in losses to the USPS. (Id., at ¶¶ 14-16.)

Defendant's repeated fraudulent conduct should be of concern for this Court, as should defendant's abuse of trust of both the USPS and unassuming customers. Nevertheless, defendant's criminal behavior caused a relatively small loss to the USPS, was limited to a two-month period in 2019, and did not directly impact customers. Accordingly, a two-year period of probation is appropriate.

**B. Defendant's Criminal History**

Defendant's history and characteristics also present mitigating facts warranting a low-end sentence of two-months' probation.

Defendant's criminal history began in 2004, at age 16, when she was convicted of second-degree robbery and sentenced to 6 years of probation. (PSR, at ¶ 40.) Since then, defendant's remaining convictions have been non-violent and primarily traffic related. (PSR, at ¶ 41-44.) While the Court should be concerned about defendant's first adult conviction – Make, Write, or Pass a Fake or Fraudulent Check in violation of California Penal Code Section 476 –

the lack of severity of her conduct is reflected in her probation sentence and minimal custodial time. (PSR, at ¶ 41.) Moreover, due to either remoteness or lack of significant incarceration, none of defendant's prior convictions have contributed to a shift in her criminal history score, which remains at zero. (PSR, at ¶ 45.)

While defendant has suffered several convictions, the more concerning convictions are remote and did not warrant any serious custodial time. Defendant's recent criminal history is primarily traffic related and indicates that she does not represent a significant risk to society. Moreover, defendant's characteristics and compliance are important factors for this Court to consider. Shortly after the discovery of her offenses, defendant confessed to law enforcement and cooperated with their investigation. Defendant was terminated from the USPS shortly afterwards. Since then, defendant has gained employment as a Coverage Specialist for Highway Auto Protection and has complied with the terms and conditions of her summons and conditions of release. (PSR, at ¶¶ 9, 74.) Accordingly, given defendant's remote criminal history and post-offense conduct, a two-year period of probation is appropriate.

    C.   **Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Deterrence, and Protect the Public**

The sentence must satisfy defendant's need for punishment or rehabilitation, as well as society's need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public. There is a strong need for the sentence to specifically deter defendant from committing future crimes and generally deter others from committing similar crimes. See 18 U.S.C. § 3553(a)(2)(B).

7

Given defendant's conduct, remorse, and termination from USPS, a sentence of two-years' probation will impress upon her the seriousness of her crimes and will give her time to consider the consequences of his actions while being monitored by USPO.  The government's recommended sentence is sufficient to deter defendant in the future and thereby protect both the public and public institutions.

**V.   CONDITIONS OF SUPERVISED RELEASE SHOULD BE IMPOSED FOR TWO YEARS**

The USPO recommends two years of probation as "sufficient to promote [defendant's] respect for the law, protect the public from further crimes, and to afford adequate deterrence to criminal conduct."  (PSR Rec., at 4.) Given the seriousness of the instant offense combined with defendant's mitigating factors, remorse, and cooperation with law enforcement, the government agrees that a two-year period of probation is appropriate and further agrees with the conditions of probation listed in the USPO's Recommendation Letter. (See PSR Rec., at 2.)

**VI.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court impose the following sentence: (1) a two-year period of probation with the terms recommended by the USPO, (2) a $200 special assessment, and (3) restitution in the amount of $11,000 to United States Postal Service.